IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BLACKSON *Plaintiff* | : : : |
| v. | : CIVIL NO. 23-1298 |
| HARUN A. MATTHEWS, et al. *Defendants.* | : : : : |

## MEMORANDUM OPINION

Defendants Revolution Trailer Rental LLC and Joshua Slaven filed a Motion for Judgment on the Pleadings against Plaintiff Paul Blackson. For the reasons below, the Motion is granted with prejudice, and Plaintiff is not permitted to amend his Complaint.

### I. BACKGROUND

On April 7, Plaintiff Paul Blackson was driving northbound on Interstate 95 in Philadelphia, Pennsylvania. ECF No. 1 ¶ 21 [hereinafter "Compl."]. Plaintiff alleged that Defendant Harun Matthews "negligently and carelessly caused his vehicle to violently strike Plaintiff," causing Plaintiff to sustain serious bodily injury. Compl. ¶ 22. Matthews was driving a 2007 Volvo Truck allegedly owned by co-Defendants Luther Lee Griffin, III, Wheelz Trucking LLC, and A&S Trucking & Hauling LLC, as well as other anonymous defendants that have since been dismissed. ECF No. 39 at 3 [hereinafter "Def. Mot."]; ECF No. 53. The movants—Revolution Trailer Rental LLC ("Revolution") and Joshua Slaven ("Slaven")—owned the semi-trailer that was attached to the truck Matthews was driving. Def. Mot. at 3. Plaintiff's Complaint stated that, "[s]oley as a result of the negligence and carelessness of Defendants, Revolution and Slaven . . . acting as aforesaid, Plaintiff, Paul Blackson, was caused to sustain injuries . . .". Compl. ¶ 28. Revolution and Slaven moved for a judgment on the pleadings.

1

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Wolfington v. Reconstructive Orthopaedic Assoc. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). Thus, just like a motion to dismiss, a complaint survives a motion for judgment on the pleadings if it "contain[s] sufficient factual matter accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible when the complaint pleads sufficient facts that allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. All well-pleaded allegations in a complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). However, a court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *McBride v. O'Brien*, 2015 WL 5167885, *5, (W.D. Pa 2015).

## III.  DISCUSSION

   *A. Plaintiff's Complaint is Conclusory and Failed to Allege Concrete Facts.*

Plaintiff fails to make out a claim of negligence, vicarious liability, or negligent entrustment.

First, Plaintiff alleged that Revolution and Slaven were negligent as the owners of the semi-trailer that was attached to the truck Matthews was driving. ECF No. 42 at 6-7 [hereinafter "Pl. Resp."]. Under Pennsylvania law, the elements of negligence are: (1) a duty recognized by law, requiring the actor to conform to a certain standard of conduct for protection of others

against unreasonable risks; (2) failure to conform to the standard required; (3) a causal connection between the conduct and resulting injury; and (4) actual loss or damage resulting to interests of another. *Griggs v. BIC Corp.*, 981 F.2d 1429 (3d Cir.1992) (citing *Morena v. South Hills Health Sys.*, 462 A.2d 680, 684 n. 5 (1983)). Plaintiff argued that because Matthews operated the semi-trailer with the moving Defendants' permission and consent, then "[c]learly, plaintiff has alleged a garden-variety negligence claim against Defendants . . .". Pl. Resp. at 7-8. Not so. Defendants correctly pointed out that Plaintiff did not allege facts to support a claim of negligence. Def. Mot. at 5-7. Nowhere in Plaintiff's Complaint did he assert facts that Defendants had a duty to Plaintiff, that Defendants breached that duty, and that the breach was causally connected to Plaintiff's injuries.

In addition, Plaintiff failed to make out a claim of vicarious liability. Under Pennsylvania law, "absent an employer-employee relationship, an automobile's owner is not vicariously liable for the negligence of the driver." *Budget Rent-A-Car Sys., Inc. v. Chappell*, 304 F. Supp. 2d 639, 651 (E.D. Pa. 2004) (citing *Solomon v. Commonwealth Trust Co.*, 256 Pa. 55, 100 A. 534 (1917)). Plaintiff averred that Matthews was an agent of Revolution and Slaven and argued that the Court must accept this allegation as true at this procedural posture. Compl. ¶¶ 15-16; Pl. Resp. at 8. However, the Court need not accept conclusory allegations. Plaintiff flimsily asserts that an agent-principal relationship exists, without providing any factual basis to support this legal conclusion. A pleading containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Moreover, Plaintiff seems to assert that Defendants could be liable under, alternatively, a negligent entrustment theory; though, such a claim does not appear in the Complaint. Pl. Resp.

at 11-12.  Pennsylvania law defines negligent entrustment as "permit[ting] a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 423 n.10 (3d Cir. 2002).  Plaintiff here provided no facts to suggest that Revolution and Slaven knew or should have known that Matthews was going to use the semi-trailer in such a way to create unreasonable risk of harm to Plaintiff.  And just as with Plaintiff's agency claim, an allegation of ownership is not enough to automatically hold a trailer owner liable for negligent entrustment.  Therefore, to the extent Plaintiff asserts a negligent entrustment claim in his response to Defendants' Motion for Judgment on the Pleadings, it is dismissed.

### B. *Permitting Plaintiff to Amend His Complaint Would be Futile.*

Plaintiff requested that this Court grant Plaintiff leave to file an amended complaint if this Court grants Defendants' Motion for Judgment on the Pleadings.  Pl. Resp. at 11.  However, Plaintiff did not demonstrate what specific facts he intended to assert in an amended complaint.  Rather, Plaintiff simply stated that if he is given leave to amend his complaint, he "can clearly state claims of both principal / agency as well as negligent entrustment as a result of this motor vehicle accident involving multiple parties and multiple claims." *Id.* at 12.  This statement inspires no confidence that Plaintiff would assert anything different than the conclusory assertions he made in his first faulty Complaint.  Amendment would be futile, and therefore Plaintiff's request is denied. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is granted, and Plaintiff's request for leave to amend his Complaint is denied.

BY THE COURT:

_____
HON. KAI N. SCOTT
United States District Court Judge